THOMAS SWEARINGEM, heir-at-law of Thomas Swearingem, deceased, *v.* PARMENAS BRISCOE.

*In Chancery.*

This suit was instituted by the complainant, in the supreme court for the district of Kentucky, to recover of the defendant the interference between the survey made on the entry on pre-emption warrant of the complainant's father, as assignee of Harman Consilla, and the settlement and pre-emption of the defendant, as assignee of Martin Stall. (See the entries, plat, etc., in the case of *Consilla* v. *Briscoe*, which immediately precedes this.)]

Thomas Swearingem, on the 30th day of May, in the year 1780, made the following entry on Harman Consilla's pre-emption warrant, to-wit:

"Thomas Swearingem, assignee, etc., enters a pre-emption warrant of 1,000 acres, adjoining the south side of Consilla's settlement, and the north line of Irvin's and Caldwell's land, and extending on both sides of Salt river."

This cause was heard in the supreme court, at the June term, in the year 1790, and a decree given for the whole of the interference, and commissioners appointed to value the rents and profits, etc., who having reported to the October term, in the year 1790, the decree was made final, from which decree the defendant appealed.

And at a court of appeals held for the commonwealth of Virginia, at the May term, 1792, the following decree was given by the said court of appeals, to-wit:

"On consideration of the transcript of the record, and the argu-

ments of the counsel, the court is of opinion that the entry and location made by the appellee's father, Thomas Swearingem, as assignee of Harman Consilla, of the said Consilla's pre-emption certificate and warrant for 1,000 acres of land, being expressed to be 'adjoining the south side of Consilla's settlement, and on the north side of Irvin's and Caldwell's lands, and extending on both sides of Salt river, for quantity,' did not authorize him to survey vacant lands north of the line (3 4) continued the same course, to (6 7), and therefore there is error in so much of the said decree as directs the appellant to convey to the appellee the lands lying north of such line, with the consequent rents and profits thereof; therefore it is decreed and ordered, that the said decree, as also the interlocutory decree of the 15th day of June, 1790, be reversed and annulled, and that the appellee pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here; and this court proceeding to make such decree as the said district court should have pronounced. It is further decreed and ordered that the appellant do, by a good and sufficient deed, at the costs of the appellee, convey to him in fee simple, all his, the appellant's, right, title, and interest, in and to the lands included within the lines, as described in the survey in this cause by the figures 22 21 18 4, and the courses of the line 18 4, continued till it intersects the line 22 23, with warranty against him, the appellant, and all claiming under him; that the appellant do, on the 25th day of December next, yield to the appellee the possession of the said lands, and account to him for the rents and profits thereof, to that time, from the first day of January, 1782, being allowed thereout for all lasting improvements made by him, the appellant, thereon; that the appellant pay to the appellee his costs expended in the said district court, and that the report of the commissioners stating the value of the rents, profits, and improvements, in the record mentioned, be set aside, and the cause be remanded to the said district court for a new order to be made therein, appointing commissioners to state and settle an account of the rents, profits and improvements, on the lands hereby decreed to be conveyed, and a final decree to be made thereupon."

And now at this term, an order of survey was made, and commissioners appointed agreeably to the said decree of the court of appeals of Virginia.